J-A13003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| W.J.H. A/K/A W.J.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.H. | |
| Appellee | No. 3883 EDA 2016 |

Appeal from the Order November 21, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2007-12894

BEFORE:  LAZARUS, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 30, 2017**

W.J.H., a/k/a W.J.R., ("Mother") appeals from the order, entered in the Court of Common Pleas of Delaware County, granting Mother partial physical custody of her twelve year-old daughter ("Child"), and granting Child's father ("Father") primary physical custody.  The order granted Mother and Father joint legal custody of Child, and set forth a comprehensive custody schedule.   After our review, we affirm.

Mother, a registered nurse, lives in Landenberg, Chester County. Father, a podiatrist, lives in Chadds Ford, Delaware County.  The parties live about a twenty-minute drive from one another.  Mother lives with her other minor child, age two and one-half.  Mother's boyfriend, who lives and works

---

[*] Former Justice specially assigned to the Superior Court.

in Florida, also lives with her part of the time. Father is remarried, and he lives with his wife and their two young sons. Child attends school in the Unionville-Chadds Ford School District.

On January 4, 2016, Mother filed a petition to modify the custody order, seeking equal custody and seeking to alter the exchange time of her alternating weekend custody from Sunday evenings to Monday mornings. Father filed an answer and counterclaim to modification. Mother filed an amended petition to modify the custody order.

The court held a custody trial on October 18, 2016. At the hearing, Mother testified that Sunday evenings felt rushed, especially when she and Child were returning from maternal grandparents' beach house in Fenwick Island, Delaware. N.T. Custody Trial, 10/18/16, at 98-104. Father testified that he believed it was important that Child begin the school week from the same place each week, and that he prepared Child for school on Sunday evenings by reviewing assignments, projects, tests and any documents that needed his signature. *Id.* at 175-96.

The court interviewed Child, *in camera*, and found that she was well-adjusted, both socially and emotionally. Child is an excellent student, and she is involved in various activities, including choir, horseback riding and soccer, which Father assists in coaching. *Id.* at 137-38.

The court accommodated Mother's request for the summer schedule, allowing custody exchanges on Monday mornings, but retained the Sunday evening custody exchange during the school year. The court denied

Mother's request for equal custody. The current order, with respect to Mother's partial custody, is as follows:

> 3. Mother shall have **Partial Physical Custody** of Minor Child as follows:
>
> > a. During the school year:
> >
> > > i. Every Wednesday after school to Friday when school begins.
> > >
> > > ii. **Alternating weekends, beginning Fridays after school to Sundays at 7:00 PM.**
> > >
> > > iii. Should there be a holiday on the Monday of Mother's alternative weekend (Martin Luther King, Jr. Day, President's Day or Columbus Day) and Minor Child should have off from school, Mother's custody shall be extended to 5:30 PM on that Monday.
> >
> > b. During the summer months, (beginning the first Monday after school ends until the Friday before school begins), the parties shall alternate custody of Minor child from week to week. The exchange of Minor Child shall be on Monday at 9:00 AM, or earlier depending on Minor Child's camp schedule.

Custody Order, 11/21/16 (emphasis added). The order also provides detailed summer vacation, holiday and birthday schedules, as well as transportation and communication guidelines. *Id.*

Mother filed a timely appeal and Pa.R.A.P. 1925(b) statement of errors complained of appeal. She raises the following issues for our review:

> 1. Whether the trial court's conclusion that the factor under 23 Pa.C.S.A. § 5328(a)(7), "the well-reasoned preference of the child, based on the child's maturity and judgment," weighed slightly in favor of Father is not supported by the record?

2. Whether the trial court's conclusion that the factor under 23 Pa.C.S.A. § 5328(a)(4), "the need for stability and continuity in the child's education, family life and community life," weighted slightly in favor of Father is not supported by the record?

3. Whether the trial court erred by improperly crediting Father's testimony of the importance of his preparing Child for school on Sunday evenings, because Father's assertion that he reviews Child's book bag, confirms and reviews any homework assignments, signs all school forms, documents and tests, and prepares Child to start school in an organized, prepared manner for Monday morning is not supported by the record?

4. Whether the trial court's concern that the rushing on Sunday was caused by Mother and her not planning her Sundays to account for the time that Father's custody would begin is not supported by the record?

Appellant's Brief, at 31-32.

In any custody case decided under the Custody Act, 23 Pa.C.S.A. §§ 5321–40, the paramount concern is the best interests of the child. ***See*** 23 Pa.C.S.A. §§ 5328, 5338. Section 5338 of the Act provides that, upon petition, a trial court may modify a custody order if it serves the best interests of the child. 23 Pa.C.S.A. § 5338; ***see also E.D. v. M.P.***, 33 A.3d 73, 80–81 n.2 (Pa. Super. 2011). Section 5328(a) sets forth a list of sixteen factors[1] that the trial court must consider when making a "best interests of

---

[1] **§ 5328. Factors to consider when awarding custody**

(a) Factors.—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

*(Footnote Continued Next Page)*

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

*(Footnote Continued Next Page)*

the child" analysis for a custody determination. *See* 23 Pa.C.S.A. § 5328(a).

Moreover, section 5323(d) mandates that, when the trial court awards custody, it "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d).

The relevant scope and standard of review are as follows:

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it.... However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination.... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

---

*(Footnote Continued)* ⸻⸻⸻⸻⸻⸻

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting

*Bovard v. Baker*, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover, on

issues of credibility and weight, we defer to the trial court, which has had

the opportunity to observe the proceedings and demeanor of the witnesses.

*R.M.G., Jr.*, *supra* at 1237.

> The parties cannot dictate the amount of weight the trial court
> places on evidence. Rather, the paramount concern of the trial
> court is the best interest of the child. Appellate interference is
> unwarranted if the trial court's consideration of the best interest
> of the child was careful and thorough, and we are unable to find
> any abuse of discretion.

*Id.* (internal citations omitted). In sum, this Court will accept the trial

court's conclusion unless it is tantamount to legal error or unreasonable in

light of the factual findings. *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super.

2014).

After our review of the custody trial testimony, the trial court's findings

of facts, conclusions of law, and its Rule 1925(a) opinion, we conclude that

Mother's challenges are meritless. The Honorable Barry C. Dozor provided a

comprehensive twenty-two page analysis of each of the section 5328(a)

factors. The court's conclusions that Child's stated preference, 23 Pa.C.S.A.

§ 5328(a)(7), and the need for stability and continuity in Child's education,

family life and community life, 23 Pa.C.S.A. § 5328(a)(4), weighed "slightly

in favor of Father," are fully supported by the record. We rely on Judge

Dozor's Opinion in support of his custody order and his Rule 1925(a) opinion

to dispose of those issues. *See* Opinion, 11/21/16, at 9-13; Pa.R.A.P. 1925(a) Opinion, 1/9/17, at 13-21.

With respect to Mother's claim in issue three, that the trial court "improperly" credited Father's testimony with respect to Father's belief that it was important that he prepare Child on Sunday night for the school week and his testimony that he reviews school assignments and paperwork, we reiterate our limited scope and standard of review. As a reviewing court, we will not interfere with the court's conclusions unless they are unreasonable in light of the trial court's factual findings, and thus, represent a gross abuse of discretion. *R.M.G.*, *Jr*., *supra* at 1237. Further, we emphasize that we defer to the trial court on issues of credibility; the trial court had the opportunity to observe the proceedings and Father's demeanor, and it chose to credit Father's testimony. *Id.* *See* Opinion, 11/21/16, at 16; Pa.R.A.P. 1925(a) Opinion, at 21-22. Mother's argument on this issue is, frankly, untenable.

Finally, Mother claims the court's concern, that the rushing on Sundays was caused by Mother and her failure to plan her Sundays to account for the custody exchange time, is not supported by the record. This claim, too, is meritless. Mother testified that she feels that she is rushing to make the custody exchange time, and that she feels Sundays are "scheduled" and that it is not a natural end to the weekend. As the trial court aptly noted, Mother is "scheduled." Father and Child are scheduled as well. "[T]hat is what

happens when parties with children separate and a custodial schedule is implemented." Pa.R.A.P. 1925(a) Opinion, 1/9/17, at 24.

We agree with the reasoning of the trial court, which is supported by the record and free of legal error, and we affirm on this basis of Judge Dozor's November 21, 2016 findings of fact and conclusions of law, as well as his January 9, 2017 Rule 1925(a) opinion. We direct the parties to attach copies of these opinions in the event of further proceedings.[2]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2017

_____

[2] It bears repeating that the trial court found Child to be "a lovely, intelligent child who seems rather unaffected by the stress and the tension caused by her parents' inability to effectively communicate[.]" Trial Court Opinion, 1/9/17, at 9. From the record, it is clear to this Court that both Mother and Father are excellent parents who deeply love their Child, and both have made Child's best interests the priority in their lives. The decision to continue litigating a reasonable and accommodating order is, clearly, not a part of that equation.